█ MODERN ART SERVICES, LTD., et al., Respondents, v OCA LONG ISLAND CITY, LLC, Appellant. [923 NYS2d 337]—

In an action to recover damages for private nuisance and breach of the covenant of quiet enjoyment, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated August 26, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

The plaintiffs, tenants under a commercial lease, commenced this action against their landlord to recover damages for private nuisance and breach of the covenant of quiet enjoyment, alleging that the defendant, inter alia, harassed the plaintiffs and their employees, and interfered with the plaintiffs' businesses.

As the Supreme Court properly found, the defendant established its prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiffs' principal, which demonstrated that the plaintiffs did not suffer compensable damages. Contrary to the Supreme Court's determination, however, the plaintiffs in opposition failed to demonstrate the existence of a triable issue of fact (*see Safeguard Sec. v Ryan*, 225 AD2d 364 [1996]; *cf. Brauner v Columbia Broadcasting Sys.*, 221 AD2d 306 [1995]). Moreover, the plaintiffs' claim for punitive damages fails in the absence of a viable claim for compensatory damages (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616-617 [1994]).

Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.